IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTOPHER JON PERGROSSI,

    Plaintiff,
v.                                              CASE NO. 1:20-cv-183-AW-GRJ

DEP'T OF VETERANS AFFAIRS,

    Defendant.
_____/

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* Complaint, ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 2. The Court finds that leave to proceed as a pauper is due to be **GRANTED.** The Complaint is before the Court for screening pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2). When screening a Complaint under the IFP statute, the Court must dismiss any claim if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." For the following reasons, it is respectfully recommended that the Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.[1]

---

[1] This is one of more than 30 cases that Plaintiff filed in this Court within a span of a few days. The Court entered an omnibus order recommending that most of the cases be

## I. <u>Plaintiff's Claims</u>

Plaintiff sues the Department of Veterans Affairs in connection with treatment that he received at the VA hospital in Gainesville, Florida. Plaintiff alleges that this Court has jurisdiction over his Complaint pursuant to 28 U.S.C. § 1331, but he does not identify the specific federal statute or constitutional provision that confers such jurisdiction. Plaintiff claims that a VA physician who treated him for schizophrenia, identified as "Dr. Hodgins," committed medical malpractice. He also claims that the VA has wrongfully reduced or denied benefits because he missed an appointment and because the VA has not designated him with "individual unemployability status." ECF No. 1 at 5-8.

Plaintiff alleges that he was involuntarily committed pursuant to the Baker Act by the VA on six occasions, and that the VA's actions show "a pattern of misconduct that is felonious yet I am not sure of the value." He alleges that he saw Dr. Hodgins at a follow-up visit after being released from inpatient treatment, and Dr. Hodgins said that Plaintiff was being

---

dismissed as frivolous or for failure to state a claim. *See, e.g., Pergrossi v. U.S. Government*, Case No. 1-20-cv-181-AW-GRJ, ECF No. 4 (Omnibus Order). This case was not included in the Omnibus Order because it initially appeared that an amended complaint might be warranted. *See id.* Upon further review, as explained *infra,* the Court concludes that the better course is to dismiss this case without prejudice.

2

recommitted pursuant to the Baker Act because he had been released too soon. Plaintiff does not allege when this occurred. *Id.*

Plaintiff asserts that the VA has created a "hostile environment" towards him, has "wronged" him, has shown a "pattern of neglect", and that the VA is "dangerous because the doctor can incarcerate at-will and without evidence." Plaintiff alleges that his VA benefits were reduced by 10% because of the missed appointment, and that he should receive increased benefits due to his "individual unemployability status." For relief, he seeks $18 million in damages for medical malpractice and increased benefits with backpay. *Id.* at 5-8, 11.

## II. Standard of Review

"Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). To plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Determining whether a complaint should be dismissed for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support the claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). As the

Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional … claim" are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681–84 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* at 680. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In other words, "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).

The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable. A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by, Iqbal*, 556 U.S. 678.

### III. <u>Discussion</u>

In view of Plaintiff's *pro se* status and reference to "medical malpractice" by a VA physician, the Court liberally construes the Complaint as arising under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq.* However, Plaintiff makes no allegation that he administratively exhausted his claims against the VA before filing this case. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993); *Bush v. United States*, 703 F.2d 491, 494 (11th Cir. 1983) ("Only those claims presented initially to the appropriate administrative agency are cognizable in a tort action against the United States.").

Even if Plaintiff exhausted his administrative remedies, his allegations are wholly insufficient to state a claim for relief. The FTCA generally authorizes suits against the United States for damages for personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. *United States v. Orleans,* 425 U.S. 807, 813–16, (1976); *Means v. United States,* 176 F.3d 1376, 1378 (11th Cir.1999). The Act provides that the United States may be held liable for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

In analyzing an FTCA claim, the Court applies the law of the state where the alleged tort occurred. *Stone v. United States,* 373 F.3d 1129, 1130 (11th Cir. 2004). Here, the Court applies Florida's medical malpractice tort law. "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1262 (11th Cir. 2001). Under Florida law, in order to prevail on a medical malpractice claim a Plaintiff must identify the provider's standard of care, produce evidence that the provider breached the duty to render medical care in accordance with that requisite standard, and establish that the breach proximately caused the injury alleged. *See, e.g., Moisan v. Frank K. Kriz, Jr., M.D., P.A.,* 531 So.2d 398, 399 (2nd DCA 1988). Apart from using the phrase "medical malpractice," Plaintiff has alleged no facts that suggest he can establish a cognizable malpractice claim against Dr. Hodgins or any other VA physician under Florida law.

Plaintiff's conclusory assertion that the VA has wrongfully denied or reduced his benefits is not cognizable under the FTCA. The Veterans Judicial Review Act ("VJRA"), provides:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of

6

> benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court.

38 U.S.C. § 511(a). Benefits decisions by the Secretary may be appealed only to the Board of Veterans' Appeals, *id.* at § 7104(a), then to the United States Court of Appeals for Veterans Claims, *id.* at §§ 7252(a), 7266(a), then to the United States Court of Appeals for the Federal Circuit, *id.* at § 7292(a),(c), and, finally, to the United States Supreme Court, *id.* at § 7292(c). *See also Hall v. U.S. Dep't of Veterans Affairs*, 85 F.3d 532, 534 (11th Cir. 1996).  This Court, therefore, has no jurisdiction over appeals related to benefits decisions of the Secretary.

In sum, Plaintiff has failed to show that he administratively exhausted his claims before filing this case, his allegations do not come close to asserting a cognizable medical malpractice claim, and this Court lacks jurisdiction to entertain his claim for VA benefits.  Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis,* 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed.R.Civ.P. 15(a).  Under *Foman,* however, a district court may properly deny leave to amend the complaint under when such amendment would be futile.  *Foman,* 371 U.S. at 182.  Here, there are no facts and circumstances alleged that suggest Plaintiff's

claims would be a proper subject of relief under the FTCA and medical malpractice law.

### IV.  Conclusion

Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED.**

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Complaint should be **DISMISSED** for failure to state a claim upon which relief may be granted.  Dismissal should be without prejudice to Plaintiff's right to file a subsequent FTCA case pertaining to his medical care, to the extent he believes he can allege sufficient facts to support a claim.

**DONE AND ORDERED** this 4th day of September 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.